"O"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNOLD PINGOL, | Case No. CV 05-6479 AN |
| Plaintiff, | MEMORANDUM AND ORDER |
| v. | |
| JO ANNE B. BARNHART, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

## I. INTRODUCTION

Pursuant to 42 U.S.C. § 405(g), Plaintiff is seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his claim for disability insurance benefits ("DIB") under Title II of the Social Security Act ("Act"). Both parties have consented to proceed before the Magistrate Judge. Pursuant to the Court's Case Management Order, the parties have filed a joint stipulation and request for an order summarily deciding issues concerning remand and/or immediate payment of benefits ("JS").

## II. BACKGROUND

Plaintiff was born on January 25, 1965, and was 39 years old at the time of the administrative hearing. [Administrative Record ("AR") at 17, 41.] Plaintiff has a college education and past relevant work experience as a mailroom clerk, computer technician,

electronic technician, and maintenance worker. [AR at 17.]

Plaintiff filed an application for DIB on November 5, 2003. [AR at 41-43.] Plaintiff claims that he has been disabled since August 21, 2001, due to hypertension, dizziness, headaches, an ulcer, numbness of the left leg, loss of feeling in the left land, back pain, neck pain, and shoulder pain. [AR at 17.] At Plaintiff's request, a hearing was held before an Administrative Law Judge ("ALJ") on December 14, 2004. [AR at 369-91.] On January 5, 2005, the ALJ issued a decision denying Plaintiff's application for benefits. [AR at 14-23.] When the Appeals Council denied review, the ALJ's decision became the final decision of the Commissioner. [AR at 7-9.] Plaintiff then commenced this action for judicial review.

## III. DISCUSSION

### A. Standard of Review

This Court must review the record as a whole and consider adverse as well as supporting evidence. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Commissioner's final decision affirming an ALJ's decision that a claimant is not disabled must be upheld if the ALJ's findings are supported by substantial evidence in the record and the proper legal standards were applied. *See Curry v. Sullivan*, 925 F.2d 1127, 1129 (9th Cir. 1990). The harmless-error rule applies. *Id.* at 1131. "Substantial evidence means more than a mere scintilla, but less than a preponderance." *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). It is further defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*; *see also*, *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed. 2d 842 (1971). The ALJ is responsible for determining credibility, resolving conflicting testimony, resolving ambiguities, and "is entitled to draw inferences 'logically flowing from the evidence.'" *Andrews*, 53 F.3d at 1039; *Macri v. Chater*, 93 F.3d 540, 543-544 (9th Cir. 1996). Consequently, inferences and conclusions as the ALJ may reasonably draw from

the evidence are upheld. *See Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). Likewise, an ALJ's findings are upheld where the evidence is susceptible of more than one rational interpretation. *Andrews*, 53 F.3d at 1039-1040.

To collect DIB or SSI benefits, Plaintiff must suffer from a "disability." 42 U.S.C. §§ 423(a)(1)(D); 1382(a). To be disabled within the meaning of the Act, a claimant must suffer from a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§423(d)(1)(A); 1382c(a)(3)(A). The impairment must be of "such severity that [the claimant] is not only unable to do [his or her] previous work but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B). The claimant has the burden of showing that she or he is disabled. 42 U.S.C. §§ 423(d)(5); 1382c(a)(3)(H)(i); *Clem v. Sullivan*, 894 F.2d 328, 330 (9th Cir. 1990).

**B.    The Five-Step Sequential Analysis**

The Social Security Regulations use a five-step sequential analysis for making DIB and SSI disability determinations. 20 C.F.R. §§ 404.1520, 416.920. The first step asks whether the claimant is working. The second step asks whether the claimant has a "severe" impairment, which is defined as an impairment which "significantly" -- more than minimally -- limits an individual's ability to perform basic work activities. 20 C.F.R. §§ 404.1521, 416.921; *Bowen v. Yuckert*, 482 U.S. 137, 154, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987). However, this step two determination is "'a *de minimis* screening device to dispose of groundless claims.'" *Edlund v. Massanari*, 253 F.3d 1152, 1158 (9th Cir. 2001) (internal citations omitted). The third step asks whether the claimant has an impairment which meets or equals the criteria of any impairment identified in the appendix to the Social Security Regulations commonly referred to as the "Listings." *Id*.

The fourth and fifth steps require that the ALJ assess the claimant's residual functional capacity ("RFC"). RFC is a determination of a claimant's remaining abilities

to perform work. 20 C.F.R. §§ 404.1545, 416.945(a). In determining a claimant's physical limitations, the ALJ considers the claimant's ability to lift weight, sit-stand, push-pull, etc. 20 C.F.R. §§ 404.1545(b), 416.945(b). Mental, environmental and other limitations such as the ability to see and hear are also part of the RFC determination. 20 C.F.R. §§ 404.1545(c) and (d), 416.945(c) and (d). A claimant's limitations are categorized as either exertional or non-exertional; exertional limitations are those based upon strength considerations alone. *Cooper v. Sullivan*, 880 F.2d 1152, 1156 (9th Cir. 1989). Non-exertional limitations are unrelated to strength and include "mental, sensory, postural, manipulative, and environmental limitations." *Id*. The exertional requirements of work are classified as sedentary, light, medium, heavy and very heavy. 20 C.F.R. §§ 404.1567, 416.967.

Once the RFC is determined, the fourth step asks whether the claimant can perform his or her past relevant work; at this step the claimant also has the burden of proving he or she is unable to perform past relevant work.

At the fifth step in the analysis, the burden shifts to the Commissioner to prove that the claimant, based on his or her age, education, work experience, and residual functional capacity, can perform other substantial and gainful work existing in the regional or national economy. 20 C.F.R. §§ 404.1520, 416.920. The Commissioner can satisfy this fifth step burden by either (1) applying the Medical-Vocational Guidelines (the "Grids") found at 20 C.F.R. Pt. 404, Subpt. P, App. 2, §§ 200.00-204.00, or (2) taking the testimony of a Vocational Expert ("VE"). *Burkhart v. Bowen*, 856 F.2d 1335, 1340 (9th Cir. 1988). However, the Commissioner cannot rely upon the Grids and must use a VE where the claimant's non-exertional limitations are 'sufficiently severe' so as to significantly limit the claimant's ability to perform the full range of sedentary, light, or medium work. *Id*.

If the answer to any of the questions in the five-step analysis establishes the claimant is or is not disabled, the evaluation ends. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see also Bowen v. Yuckert*, 482 U.S. at 140.

In the decision denying benefits, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. [AR at 22.] While the ALJ found that Plaintiff suffers from medically determinable impairments of hypertension, low back pain, and neck pain, the ALJ determined that Plaintiff's impairments did not meet or equal one of the impairments in the Listings. [AR at 22.] In assessing RFC, the ALJ found that Plaintiff was capable of lifting and carrying 20 pounds occasionally and 10 pounds frequently, standing and walking two hours in an eight-hour workday, and sitting six hours in an eight-hour workday. [AR at 20.] The ALJ further found that Plaintiff was precluded from engaging in repetitive movements of the head or neck, could not engage in more than occasional pushing and pulling or reaching above shoulder level, and needed a sit/stand option. [AR at 20.] Although the ALJ found that Plaintiff would not be able to return to his past relevant work, the ALJ determined that Plaintiff was capable of performing a significant number of jobs that exist in the economy, including work as a telephone quotation clerk. [AR at 23.]

**C.     Analysis of Disputed Issues**

Plaintiff asserts that the ALJ erred by: (1) failing to give appropriate weight to the opinions of Plaintiff's treating and examining physicians; (2) failing to properly evaluate Plaintiff's severe impairments; (3) failing to properly evaluate Plaintiff's RFC; (4) finding that Plaintiff was able to perform other work; and (5) discounting Plaintiff's subjective symptom testimony and complaints of pain.  The Commissioner disagrees.

**1.     Treating and Examining Physicians' Opinions**

In assessing Plaintiff's impairments and residual functional capacity, the ALJ relied on the findings and opinion of Plaintiff's treating physician, Andrew Rah, M.D. [AR at 18-19.] Dr. Rah first examined Plaintiff in October 2001. [AR at 18, 295-303.] Plaintiff had been injured at work and was complaining of headaches and pain in his left shoulder, left hand, and lower back. [AR at 18, 300.] Dr. Rah diagnosed Plaintiff with cervical radiculopathy, left shoulder contusion (rule out internal derangement with impingement syndrome), headaches, and status post posterior lumbar interbody fusion

1  L4-5, with acute lumbar strain (rule out disc pathology). [AR at 300.] Plaintiff received
2  continued follow-up treatment with Dr. Rah. [AR at 250-94.] In December 2002, Dr.
3  Rah issued a permanent and stationary report. [AR at 243-48.] Dr. Rah diagnosed
4  Plaintiff as suffering from headaches, cervical spondylosis, and status post posterior
5  lumbar interbody fusion at L4-L5.[1/] [AR at 244.] He found that Plaintiff was precluded
6  from the following work-related activities: repetitive movements of the head and neck;
7  repetitive pushing and pulling; work at or above shoulder level; and prolonged sitting or
8  standing. [AR at 246.] Dr. Rah opined that Plaintiff would be limited to light work and
9  would need a sit/stand option. [AR at 246.] Dr. Rah's opinion is entitled to special
10 weight because he was employed to cure and has a greater opportunity to know and
11 observe Plaintiff as an individual. *See Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir.
12 1987).

13        Despite the ALJ's reliance on Dr. Rah's opinion, Plaintiff claims that the ALJ
14 improperly ignored other treating and examining physician evidence included in the
15 record. In particular, Plaintiff claims that the ALJ improperly failed to discuss a 1994
16 opinion from Dr. Rimoldi reflecting an L4-5 disc protrusion [AR at 122-23], records from
17 Burnwall Rehabilitation citing Plaintiff's headaches, physical therapy, and use of a TENS
18 unit [AR at 199-211], a one-page report from chiropractor Marvin L. Wergeland, B.S.,
19 D.C., indicating that Plaintiff suffers neck and back pain [AR at 212], records from
20 treating physician Thelma Reich, M.D. showing that Plaintiff complained of lumbosacral
21 pain and headaches and underwent posterior lumbar interbody fusion at L4-5 in 1998
22 [AR at 315-17, 337-39], and records from High Desert Medical Group reflecting that
23 Plaintiff had complaints of right shoulder pain and decreased range of motion in the right
24 shoulder in August 2004 [AR at 342-44]. Plaintiff's claim lacks merit.

25        It is well settled that an ALJ does not need to discuss all evidence presented to him.
26 *Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984). Rather, the ALJ must only

---

[1/] Plaintiff's surgery for posterior lumbar interbody fusion at L4-5 occurred in 1998. [AR at 315.]

explain why "significant probative evidence" has been rejected. *Id.* Because the records cited by Plaintiff are not significant and probative, the ALJ did not err in failing to discuss them. For example, Dr. Rimoldi's 1994 report concerning an L4-5 disc protrusion pre-dates Plaintiff's onset date by seven years. [AR at 122-23.] Moreover, Plaintiff underwent posterior lumbar interbody fusion at L4-5 in 1998. [AR at 315.] The records and findings from Burnwall Rehabilitation, Dr. Wergeland, and Dr. Reich were not significant and probative because Dr. Rah adequately considered and assessed Plaintiff's complaints of back pain, left shoulder pain, hypertension, and headaches. [AR at 243-303.] Although the August 2004 record from High Desert Medical Group indicates that Plaintiff had complaints of right shoulder pain and loss of range of motion, there is no indication in the record that this impairment lasted or was expected to last 12 continuous months. [AR at 342-44.] Thus, the ALJ did not err in failing to discuss it in the decision. 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). Moreover, in assessing Plaintiff's RFC, the ALJ included work-restrictions relating to pushing, pulling, reaching and working above shoulder level, which would account for limitations in use of *both* of Plaintiff's upper extremities. [AR at 22.] Thus, any error in failing to discuss the High Desert Medical Group record was harmless. *See Curry*, 925 F.2d at 1131.

Plaintiff also contends that the Appeals Council erred by failing to grant review based on new evidence from another High Desert physician, G.B. Haeri, M.D. [AR at 360.] On a one-page prescription note dated February 1, 2005, Dr. Haeri stated that Plaintiff was precluded from heavy lifting and repetitive use of the right arm. [AR at 360.] The Appeals Council considered the new evidence from Dr. Haeri, but found that it provided no basis for changing the ALJ's decision. [AR at 8.] The Appeals Council did not err in denying review of the ALJ's decision, as the new evidence relates to the period after the date of the ALJ's decision. *See* 20 C.F.R. § 404.970 (the Appeals Council shall consider "new and material" evidence only where such evidence relates to the period on or before the date of the ALJ's decision); *Macri v. Chater*, 93 F.3d 540, 544 (9th Cir. 1996)(citation omitted). Further, the note from Dr. Haeri does not establish

a "reasonable possibility" that the outcome of the administrative proceedings would have changed. *See Booz v. Secretary of Health and Human Serv.*, 734 F.2d 1378, 1380 (9th Cir. 1984)(explaining that new evidence is material if there is a "reasonable possibility" that it would have changed the outcome of the administrative proceedings). As noted above, the ALJ already limited Plaintiff to sedentary work and assessed limitations that would accommodate impairments in both upper extremities. [AR at 22.]

### 2. Plaintiff's Severe Impairments

Next, Plaintiff improperly elevates form over substance when he argues that the ALJ's failure to specifically delineate which of his impairments were "severe" constitutes reversible legal error. At Step Two of the sequential process, the ALJ is asked to determine whether Plaintiff suffers from a medically severe impairment or combination of impairments. 20 C.F.R. § 404.1520. In making this determination, the ALJ need not recite or incant certain "magic words." *See, e.g., Magallanes*, 881 F.2d at 755 (explaining that incantation of "magic words" that ALJ is rejecting physician's opinion is not required if specific and legitimate inferences relevant to the rejected physician's findings and opinion can be drawn from ALJ's decision); *see also Allen v. Heckler*, 749 F.2d 577, 580 (9th Cir. 1984). Here, it is apparent from a review of the ALJ's decision that he found that Plaintiff suffers from the medically determinable impairments of hypertension, low back pain, and neck pain. [AR at 22.] Although Plaintiff alleged a variety of other symptoms, the ALJ did not find those symptoms, individually or in combination, to be severe. [AR at 17-18, 22.]

### 3. Plaintiff's RFC

Plaintiff argues that the ALJ did not consider all of his complaints in determining his RFC. [JS at 12-13.] Specifically, Plaintiff asserts that the ALJ did not address his complaints that he suffers from headaches and fatigue, is unable to concentrate due to side effects of medication, and needs to use an assistive device while standing and walking. Plaintiff's claim lacks merit.

To the extent Plaintiff's impairments were medically established, the ALJ properly

considered their combined effect in evaluating Plaintiff's claim of disability. As discussed above, the ALJ properly relied on the opinion of Plaintiff's treating physician, Dr. Rah, in determining Plaintiff's RFC. [AR at 20, 246.] While Dr. Rah diagnosed Plaintiff as suffering from headaches, he did not find that the headaches were associated with any work-related restrictions. [AR at 244, 247.] Instead, Dr. Rah found that Plaintiff's headaches were intermittent moderate and should simply be treated with non-steroidal anti-inflammatory medication and mild muscle relaxants. [AR at 231, 247.] Though Plaintiff complained that he suffers from fatigue and difficulty concentrating as side effects of medication, Plaintiff's subjective complaints were properly discounted, as discussed more fully below. [AR at 20-21.] Finally, while Plaintiff claims that he needs to use an assistive device for walking and standing, he has not established that such a restriction exists. [AR at 21, 322.]

Plaintiff contends that the ALJ's reliance on Dr. Rah's opinion was misplaced. According to Plaintiff, the ALJ should have recontacted Dr. Rah because Dr. Rah failed to explain what he meant when he found that Plaintiff was "precluded from prolonged sitting[] or standing." [JS at 12; AR at 246.] The ALJ's role is to determine the credibility of medical testimony and resolve any ambiguities in the evidence. *Drouin v. Sullivan*, 966 F.2d 1255, 1258 (9th Cir. 1992). On appeal, the proper inquiry is whether the evidence allows a reasonable mind to accept the ALJ's conclusion. *Gallant v. Heckler*, 753 F.2d 1450, 1453 (9th Cir. 1984). "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion which must be upheld." *Gallant*, 753 F.2d at 1453. Here, even if Dr. Rah did not define the term "prolonged," he explained that Plaintiff would need to sit and stand as necessary, based upon his pain level. [AR at 246.] Thus, the ALJ's conclusion that Plaintiff should be limited to sedentary work with a sit/stand option was a reasonable interpretation of Dr. Rah's opinion and was supported by substantial evidence. Accordingly, the ALJ did not err in assessing Plaintiff's RFC.

**4.    Other Work**

1   Plaintiff contends that the ALJ's finding that Plaintiff was capable of performing
2  other work as a telephone quotation clerk was contradicted by the VE's testimony.  [JS
3  at 16-17.]   This claim lacks merit.
4   In determining that Plaintiff was capable of performing other work, the ALJ asked
5  the VE to consider a person of Plaintiff's age, education, and work experience, limited
6  to sedentary work involving no repetitive movements of the head and neck, occasional
7  pushing, pulling, and lifting above shoulder level, and a sit/stand option. [AR at 21, 385-
8  86.] The VE responded that such a person would be capable of performing the sedentary
9  job of telephone quotation clerk.[2/]  [AR 21-22, 386]; *see* Dictionary of Occupational
10 Titles 237-367.046.  Because the ALJ's hypothetical took into consideration all of the
11 limitations that the ALJ found to exist, the ALJ's reliance on the VE's testimony was
12 proper. *See, e.g., Magallanes*, 881 F.2d at 756-57; *Martinez v. Heckler*, 807 F.2d 771,
13 773-74 (9th Cir. 1986).
14  Plaintiff asserts that the ALJ should have found that he was disabled based on the
15 VE's response to another hypothetical question presented by Plaintiff's counsel. [JS at
16 16-17.] Plaintiff's counsel asked the VE to assume that the hypothetical person would
17 also need to get up and walk *more* than five feet from his work station. [AR at 389.] The
18 VE responded that the hypothetical person would not be able to perform the job of
19 telephone quotation clerk. [AR at 389.] Although the ALJ referenced this hypothetical
20 in the decision, the ALJ never found that Plaintiff would need to walk more than five feet
21 from his work station. [AR at 20, 22.] Rather, consistent with Dr. Rah's opinion, the
22 ALJ simply found that Plaintiff needed a sit/stand option. [AR at 20, 246.]  Thus, the
23 VE's testimony that Plaintiff could not perform work as a telephone quotation clerk is not
24 supported by substantial evidence. *See Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir.
25 1988)("If the assumptions in the hypothetical are not supported by the record, the opinion
26

---

27  [2/] The VE also testified that the hypothetical person would be able to perform work as
    a telephone quotation clerk if his sit/stand option involves walking *within* five feet of his
28  work station. [AR at 389.]

of the vocational expert . . . has no evidentiary value")(quoting *Gallant*, 753 F.2d at 1456); *Martinez v. Heckler*, 807 F.2d 771, 773 (9th Cir. 1986)("[t]he ALJ is not bound to accept as true the restrictions presented in a hypothetical question propounded by a claimant's counsel.").[3/]

Plaintiff further contends that the ALJ's hypothetical question to the VE was deficient because it did not incorporate all of Plaintiff's subjective complaints. As discussed below, the ALJ properly chose to discount Plaintiff's subjective symptom testimony. Therefore, the ALJ did not err in omitting from the hypothetical questions restrictions identified by Plaintiff. *See, e.g., Magallanes*, 881 F.2d at 756-57 (hypothetical questions posed to a vocational expert need not include all alleged limitations, but rather only those limitations the ALJ finds to exist); *Martinez v. Heckler*, 807 F.2d 771, 773-74 (9th Cir. 1986)(explaining that the ALJ is "free to accept or reject these restrictions . . . as long as they are supported by substantial evidence").

Plaintiff also argues that the ALJ failed to properly respond to two interrogatory requests. [JS at 17.] In support of this argument, Plaintiff cites the Manual on the Social Security Administration Hearings, Appeals and Litigation Law (HALLEX) section I-2-5-57, which states that if the ALJ rejects a proposed interrogatory, the ALJ must inform the claimant and representative in writing, together with the reason for the ruling. However, the Ninth Circuit has concluded that HALLEX "has no legal force and is not binding." *Moore v. Apfel*, 216 F.3d 864, 868 (9th Cir. 2000). "As such, it does not prescribe substantive rules and therefore does not carry the force and effect of law." *Id.*

Finally, Plaintiff claims that the ALJ exhibited improper bias against him. [JS at 17.] Generally, the ALJ is presumed to be unbiased. *Rollins v. Massanari*, 261 F.3d 853, 857-58 (9th Cir. 2001) (citing *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999)).

---

[3/] Plaintiff also notes that the ALJ mischaracterized the VE's testimony when the ALJ stated that the number of available telephone quotation clerk positions would not be eroded even if Plaintiff needed to walk more than five feet from his work station. [AR at 22.] Although the ALJ misinterpreted the VE's testimony, any error was harmless, given the ALJ's assessment of Plaintiff's RFC. *See Curry*, 925 F.2d at 1131.

Page 11

1   A claimant may rebut the presumption that an ALJ is unbiased if he shows that "the
2   ALJ's behavior, in the context of the whole case, was 'so extreme as to display clear
3   inability to render fair judgment.'" *Id.* at 858 (quoting *Liteky v. United States*, 510 U.S.
4   540, 555-56, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994)); *see also* 20 C.F.R. § 404.940.
5   Here, Plaintiff failed to present any evidence of bias, aside from his own assertions that
6   "[t]he ALJ's failure to develop the case shows that he had already made up his mind." [JS
7   at 17.] Accordingly, Plaintiff has failed to meet his burden of rebutting the presumption
8   that the ALJ was not biased.

### 5.  Plaintiff's Subjective Complaints

10      Plaintiff reported a variety of symptoms and limitations. He complained that he
11  suffers from fatigue, dizziness, headaches, an ulcer, difficulty concentrating, weakness
12  in his hand, pain in his hips, back, shoulder, hands and neck. [AR at 82, 375-76, 379,
13  381.] He also claimed that he is unable to stand or sit for more than 20 minutes at a time,
14  is unable to lift more than two pounds, needs to spend 22 hours a day lying down, and
15  sometimes crawls to the bathroom because he is unable to walk. [AR at 377, 379-80.]
16  Plaintiff asserts that the ALJ erred by failing to properly evaluate his subjective symptom
17  testimony. The Commissioner disagrees.

18      In assessing credibility, "the ALJ may use 'ordinary techniques of credibility
19  evaluation,' such as considering the claimant's reputation for truthfulness and any
20  inconsistent statements in [his] testimony." *Tonapetyan v. Halter*, 242 F.3d 1144, 1148
21  (9th Cir. 2001)(quoting *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989)). If a claimant
22  produces objective medical evidence of suffering from an ailment that could cause pain,
23  the ALJ must give specific, clear and convincing reasons for rejecting the claimant's
24  subjective complaints of pain. *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)).
25  Further, the ALJ may not reject a claimant's subjective complaints regarding hte severity
26  of his or her limitations solely because of the lack of objective evidence. *Tonapetyan*,
27  242 F.3d at 1147-48. However, "[w]here the evidence is susceptible to more than one
28  rational interpretation," the ALJ's conclusions must be upheld. *Morgan v. Commissioner*

1 *of Social Security*, 169 F.3d 595, 599 (9th Cir. 1999).

2 Here, the ALJ identified specific, clear and convincing reasons for discrediting Plaintiff's testimony. For example, although Plaintiff suffers from hypertension, evidence showed that he had not been compliant with his medication. [AR at 21, 193, 216, 231]; *Fair*, 885 F.2d at 603 (holding that non-compliance with prescribed treatment is proper evidence relating to the credibility of the patient). The ALJ also properly relied on Plaintiff's demeanor at the hearing in finding that Plaintiff overstated and embellished his symptoms. [AR at 20]; *see Thomas v. Barnhart*, 278 F.3d 947, 960 (9th Cir. 2002)(explaining that while Plaintiff's testimony cannot be rejected solely because the objective medical evidence does not support the severity of his impairments, the ALJ may reject a claimant's testimony by using "ordinary techniques of credibility evaluation"); *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997)(upholding ALJ's finding that a claimant generally lacks credibility as a permissible basis for rejecting claimant's testimony). Further, although Plaintiff claimed that he had been prescribed a cane and walker by a doctor, no such prescription was documented in the record and examining physician Nayan Shah, M.D. reported that Plaintiff did not require use of any assistive walking device. [AR at 21, 110, 322, 377]; 20 C.F.R. § 404.1529(c)(2)(explaining that the medical evidence is a relevant factor in determining the severity of the claimant's pain and its disabling effects). Accordingly, the ALJ's decision to discount Plaintiff's subjective symptom testimony is supported by substantial evidence.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## IV. **CONCLUSION**

1  The Court finds the ALJ's determination of non-disability is free of legal error and
2  supported by substantial evidence in the record.  Therefore, Plaintiff's request for an
3  order directing the payment of benefits or remanding this case for further proceedings is
4  DENIED, and the Commissioner's request for an order affirming the Commissioner's
5  final decision and dismissing the action is GRANTED.  The clerk shall enter judgment,
6  close the file and terminate all pending motions.

8  DATED: July 13, 2006           /s/ Arthur Nakazato
                                  ARTHUR NAKAZATO
9                                 UNITED STATES MAGISTRATE JUDGE